# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51043

|  |  |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: September 16, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| RAUL SAXTO CHAMORRO-SANCHEZ, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| | ) |
| Defendant-Appellant. | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Blaine County. Hon. Ned C. Williamson, District Judge.

Judgment of conviction and unified sentence of five years, with a minimum period of confinement of two years, for rape, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge
and TRIBE, Judge

---

PER CURIAM

Raul Saxto Chamorro-Sanchez pled guilty to rape.[1] Idaho Code § 18-6101. The district court imposed a unified sentence of five years, with a minimum period of confinement of two years, for rape. Chamorro-Sanchez appeals, arguing that his sentence is excessive.

---

[1] Chamorro-Sanchez was charged with a second count of battery with the intent to commit a serious felony. In exchange for his guilty plea, Chamorro-Sanchez pled guilty to an amended charge of misdemeanor sexual battery. I.C. § 18-924. Chamorro-Sanchez does not challenge this judgment of conviction and sentence on appeal.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Chamorro-Sanchez's judgment of conviction and sentence are affirmed.